IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

**DEC 14 2015**

Abel Acosta, Clerk

84,266-01

EX PARTE

JERMAINE DEWITT CHANEY

APPLICANT

§
§
§
§
§
§
§
§
§
§

FROM THE 338th DISTRICT

COURT, HARRIS COUNTY, TEXAS

Cause No. 1113820-A

APPLICANT'S REBUTTAL TO THE STATE'S

ANSWER TO APPLICANT'S WRIT OF HABEAS CORPUS

Comes now Jermaine Dewitt Chaney pro-se applicant in the above numbered cause and files this rebuttal to the State's procedurally barred answer and will show in support thereof the following.

I

The applicant's post-conviction application for writ of Habeas Corpus was filed in the 338th District Court Harris County, Texas on May 11, 2015. See: (Exhibit notification by Harris County District Clerk). On May 20th, 2015 the State filed a Motion, requesting the designation of issues of the applicant's Actual innocence needed to be resolved. See: (Exhibit, Appendix). On May 22. 2015 the trial adopted the State's proposed order and designated the issue of the applicant's Actual Innocence claim. See: (Exhibit, Appendix).

The applicant asserts that the State has now attempted to file a procedurally barred answer to the applicant's claim, denying the applicant's grounds for relief on the 26th of June, 2015. Forty-six (46) days after the applicant's post-conviction writ was filed. And thirty-four (34) days after the trial court designated the issue of applicant's Actual Innocence. Therefore, the State's attempt to file such an answer should be denied and any such filing stricken from the record pursuant to 11.07 (3) (b).

(1)

> " The attorney representing the State shall answer the
> application not the later than the 15th day after the
> date the copy of the application is recieved."

The applicant asserts that if the State wished to answer the applicant's post-conviction writ it should have done so within the time allowed in 11.07 (3) (b). the State did not do so, But did in fact admit that there were controverted, previously unresolved facts material to the legality of the applicant's confinement, through it's motion and proposed order. The trial court agreed with the State, adopted the State's proposed order and designated the issue of the applicant's Actual Innocence pursuant to: Tex. Code Crim. Proc. Art. 11.07 (3) (b).

> " If the convicting court decides that there are controverted,
> previously unresolved facts which are material to the legal-
> ity of the applicant's confinement, it shall enter an order
> designating the facts to be resolved."

The applicant asserts that the means to resolve the issues are strickly within the trial court's authority, which may include additional forensic testing paid for by the state, Affidavits, depositions, interrogatories or evidentiary hearings. The State as a party to the applicant's post-conviction writ has no more oppor-utunity to have a second bite of the apple than the applicant does. And may not unduly influence the trial court's finding of fact and conclusion of law in the hopes of a ruling in it's favor, or place an untimely and procedurally barred answer, in the record to be transmitted to the court of criminal appeals, for

that same reason. The applicant asserts that the State has also claimed in it's untimely answer that the trial court has designated the issue of Ineffective assitance of counsel/ However, the applicant has recieved no order from the trial court designating such an issue; although it is contained within the applicant's post-conviction application. And the trial court may request an affidavit from applicant's trial counsel to resolve the issue of his Actual Innocence. The State seems confused as to the designation of this issue since it was not in it's proposed order, nor was it in the trial court's order. The applicant asserts that the State is attempting to cloud the issue of the clearly coerced indentification

(2)

of him as a supect, clearly contained within the record and the prosecutor with-holding the statement from the person who actually pled guilty to the murder, That "Jermaine Chaney had nothing to do with the murder."

## CONCLUSION

The applicant asserts that the Staet has failed to comply with the rules within; Tex. Code Crim. Proc. 11.07 (3) (b) As well as circumvent the rules within; Tex. Code Crim. Proc. 11.07 (3) (d). Therefore the applicant asserts that the State's untimely answer be denied and that it be stricken from the record as procedurally barred and that the trial court issue an order directing such. The applicant also requests that the trial court grant his motion for an evidentiary hearing to resolve the issue of his Actual Innocence that accompanied his Application for habeas corpus.

## PRAYER FOR RELIEF

Wherefore Premise havig been considered the applicant humbly prays that this Honorable Court consider his timely rebuttal and objection to the State's untimely answer. Deny the Sate's untimely answer and grant the applicant's proposed order to have it stricken from the record, as well as grant the applicant's motion for an Evidentiary hearing.

Respectfully Submitted,

Jermaine Dewitt Chaney
TDCJ-ID # 1496462
Stiles Unit
3060 F.M. 3514
Beaumont, Tx. 77705
Pro-se

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.
Executed July 10, 2015.

Duly Sworn,

Jermaine Dewitt Chaney
TDCJ-ID # 1496462
Pro-se

(3)

CAUSE NO. 1113820-A

EX PARTE                              §        IN THE 338th DISTRICT

JERMAINE DEWITT CHANEY              §        COURT of HARRIS COUNTY,

Applicant                            §        TEXAS
                                     §
                                     §

Applicant's proposed order to deny the

State's untimely answer as procedurally

barred and to have it stricken from the record

1.  That the State's answer is untimely in Cause No. 1113820-A pursuant to 11.07

    (3) (b) and is denied. And as a result is stricken from the record. The clerk

of the court is ordered **NOT** to transmit the State's untimely answer to the Court

of Criminal Appeals.


Signed on the _____ day of _____ 2015.


_____

    PRESIDING JUDGE

Dear Mr. Daniel,                                    7/31/15

     I Jermaine D. Chaney, have already submitted this rebuttal in the beginning of the month of July, and I haven't received a letter noting that it has been filed. Therefore, I am re-submitting this rebuttal a second time. I'm mailing the information out to you on this day August 3, 2015, and I sincerely pray that when your office receives it this time I'll be notified.

        Thanks and God Bless,

Jermaine D. Chaney 7/31/15
#1496462
Stiles Unit
3060 FM 3514
Beaumont, TX. 77705